PHILLIP A. TALBERT
United States Attorney
JASON P. BASKETT
Special Assistant United States Attorney
1 S. Rosamond Blvd
Edwards AFB, CA
Telephone: (661) 277-4310

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:21-PO-00583-SAB |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF |
| v. | TRIAL DATE: August 2, 2022<br>TIME: 10:00 a.m.<br>COURT: Hon. Stanley A. Boone |
| AUSTIN WRIGHT, | |
| Defendant. | |

The United States of America, by and through its attorneys, Phillip A. Talbert, United States Attorney, and Jason P. Baskett, Special Assistant United States Attorney, file this trial brief to aid the court regarding possible trial issues.

## I.    INTRODUCTION AND CASE STATUS

**A. Trial Summary**

The government intends to call two witnesses and believes it can conclude its case in chief in one hour.

**B. Charges**

The defendant is charged with one count of violating 18 U.S.C. § 1382, which prohibits an individual from entering any military installation for any purpose prohibited by law.

\\\

\\\

1

## II. STATEMENT OF FACTS

On May 13, 2021, at approximately 11:30 pm, Department of the Air Force ("DAF") Police Officer Katy Hutchinson was driving on Mercury Blvd from the Air Force Research Laboratory ("AFRL") to the Edwards Air Force Base ("AFB") South Gate as part of her nightly patrol of the public roadways within the limits of Edwards AFB. While nearing mile marker three, Katy Hutchinson observed a green light to the west of her location in the desert. She knew there were wreckages of downed aircraft in the vicinity of the light and continued along Mercury Blvd before turning right on Scout Rd and proceeded until she reached the downed aircraft. The area of the light and the downed aircraft are within the exclusive territorial jurisdiction of the United States and within the limits of Edwards AFB.

Upon arriving at the downed aircraft, Officer Hutchinson saw a parked vehicle and a single individual standing outside the vehicle. She made contact with the individual and asked him what he was doing. The individual replied that he was taking photographs. Officer Hutchinson then asked him if he was base affiliated. The individual did not reply in the affirmative. Officer Hutchinson then asked him for identification. He produced a driver's license, but he did not produce a military-issued identification card (known as a Common Access Card or "CAC"), nor did he produce a pass issued by Edwards AFB authorities to access the base. By comparing him to the photo on his driver's license, Officer Hutchinson identified him as Austin WRIGHT ("defendant").

Officer Hutchinson maintained eye contact on the individual and kept him from facing the base. She called the law enforcement desk at Edwards AFB to report a potential incident of unauthorized photography. After completing her conversation with the law enforcement desk, she issued defendant Violation Notice #7056544 for entering a military installation for a purpose prohibited by law in violation of 18 U.S.C. § 1382.

Officer Hutchinson then escorted defendant off Edwards AFB and advised him to leave and not to return. Defendant showed Officer Hutchinson the light he used to illuminate the plane and asked if there were other places he could explore in the area, as he did not want his trip to be wasted. When he departed, he told Officer Hutchinson to check out his Instagram page, because there would be pictures

that Officer Hutchinson would find interesting.  He also gave her the name of his page, which was urbex_offlimits.

Edwards AFB is closed to the public, and, by order of the Installation Commander, entry is not authorized without the permission of the Installation Commander.  Permission is granted to individuals carrying a CAC and properly granted base access in the Defense Biometric Identification System ("DBIDS), to visitors carrying a visitor pass issued from the Edwards AFB Visitor Control Center, or to visitors with a REAL ID when escorted by individuals with base access.  Along the roadway which Officer Hutchinson was patrolling and which leads to the location where she discovered the defendant, there are reflective signs placed every 50 feet on either side of the roadway, facing the roadway, which warn that the area is a controlled area and that it is unlawful to enter the area without permission of the Installation Commander.

### III. APPLICABLE STATUTES, REGULATIONS, AND ELEMENTS

Title 18 U.S.C. § 1382 provides that "whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation… shall be fined under this title or imprisoned not more than six months, or both."  To prove the defendant guilty of entering a military installation for any purpose prohibited by law, in violation of 18 U.S.C. § 1382, the government must prove the following elements beyond a reasonable doubt:

1. The defendant was within the jurisdiction of the United States.

2. The defendant went upon a military, naval, or Coast Guard reservation, post, arsenal, yard, station, or installation.

3. The defendant went upon the aforementioned for a purpose prohibited by law or lawful regulation.

Under 50 U.S.C. § 797, it is unlawful to violate any defense property security regulation.  A defense property security regulation is defined as a property security regulation that is promulgated or approved by the Secretary of Defense or by a military commander designated by the Secretary of Defense.  *Id.*  50 U.S.C. § 797 also defines the term regulation to include an order.  32 C.F.R. § 809a.2 further clarifies that Air Force Installation Commanders are responsible for protecting personnel and

property under their jurisdiction, to ensure the uninterrupted and successful accomplishment of the Air Force mission.  Moreover, each commander is authorized to grant or deny access to their installations, and to exclude or remove persons whose presence is unauthorized. *Id.*  Air Force Installation Commanders are also allowed to prescribe, by regulation, rules and conditions governing access to their installation. *Id.*  32 C.F.R. § 809a.3 further clarifies that, under 50 U.S.C. § 797, any directive issued by the commander of a military installation or facility, which includes the parameters for authorized entry to or exit from a military installation, is legally enforceable against all persons whether or not those persons are subject to the Uniform Code of Military Justice.  Therefore, if an Air Force Installation Commander, through an order establishing rules and conditions governing access to their installation, denies access to anyone, including members of the general public, their entry upon an installation under that Commander's jurisdiction is unlawful as described in 50 U.S.C. § 797.

In proving that a defendant entered a military installation for a purpose prohibited by law or lawful regulation, "the government need not prove that a defendant acted with specific intent." *United States v. Omondi*, 818 F. App'x 623, 625 (9th Cir. 2020), cert. denied, 141 S. Ct. 1712, 209 L. Ed. 2d 479 (2021); *see also United States v. Mowat*, 582 F.2d 1194, 1203 (9th Cir. 1978).  Rather, "where entry alone is the basis of the violation," the government must prove only that the defendant knew that "the entry [was] unauthorized." *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985).  Moreover, "the usual situation in which 18 U.S.C. § 1382 is applicable is that in which the entry is with knowledge that the facility has been closed to the public by properly promulgated regulations of the military commander. *United States v. Patz*, 584 F.2d 927, 929 (9th Cir. 1978).  In *Omondi*, the defendant was found to have knowingly entered Vandenberg AFB without authorization, in part, because he passed a large sign indicating that he was entering a restricted portion of the base.  Therefore, under *Omondi*, knowledge that a defendant's entry was unauthorized can be established, in part, by the fact that he passed a sign warning that the area is restricted.

Officer Hutchinson will testify that the defendant was within the exclusive territorial jurisdiction of the United States when she apprehended him.  She will testify that he was within the limits of Edwards AFB, a military installation.  She will testify that when asked for his affiliation and his identification, the defendant did not demonstrate that he had permission to be on Edwards AFB.  Lastly,

she will testify that along the entirety of Mercury Blvd, including the stretch of road closest to where she apprehended the defendant, there are reflective signs every 50 feet facing the road on both sides that warn the location is a controlled area and that it is unlawful to enter without permission of the Installation Commander.

      Senior Airman Kennedy Chmler will testify that she looked up defendant in the DBIDS system to see if was he was ever granted access to Edwards AFB. She will testify that at no point was the defendant granted access. She will explain how the DBIDS system works and how individuals can obtain permission to access Edwards AFB. She will also explain that, by orders establishing rules and conditions, Edwards AFB is closed to the general public and that base access must be granted through established processes.

Dated: July 29, 2022             By:   PHILLIP A. TALBERT
                                                            United States Attorney

                                                          /s/ Jason P. Baskett
                                                          JASON P. BASKETT
                                                          Special Assistant United States Attorney