# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN WRIGHT,<br><br>Defendant. | Case No. 5:21-po-00583-SAB-1<br><br>ORDER DENYING MOTION FOR VIDEO APPEARANCE<br><br>(ECF No. 27) |

The Court held a bench trial on August 2, 2022. (ECF No. 17.) On September 28, 2022, the Court issued a memorandum of decision finding Defendant guilty of a violation of 18 U.S.C. § 1382. (ECF No. 20.) On October 4, 2022, the Court held a status conference, at which, the Court pronounced the guilty verdict as to Defendant, and the Court granted the Defendant's request to continue sentencing until November 17, 2022. The Court also set a hearing to read the memorandum decision in open court for October 20, 2022. The Court ordered Defendant to advise the Court in writing, prior to October 20, 2020, if a formal reading of the memorandum decision was desired. The Court authorized Defendant and the Government to appear via video for future hearings. On October 12, 2022, Defendant filed a motion for a new trial, in part arguing that the Court violated Defendant's right to a public trial by issuing its memorandum decision not in a public court session, but through the written decision filed on the docket, and that doing such undermined Defendant's "opportunity to fully defend against the charge, deprived the public of the opportunity to monitor the proceedings for fairness, and diminished

the gravity of the Court's guilty verdict." (ECF No. 23 at 6-7.)

On October 19, 2022, Defendant filed a notice regarding the formal reading of the memorandum decision. (ECF No. 25.) Therein, Defendant noted Federal Rule of Criminal Procedure 23(c) provides that, in a nonjury trial, a court may "state its specific findings of fact in open court or in a written decision or opinion." Fed. R. Crim. P. 23(c).[1] Given the Rule, Defendant noted he "does not believe it is necessary or required for the Court to formally read into the record the fifteen-page Memorandum Decision After Court Trial." (ECF No. 25 at 1.) The Defense also noted, "however, that this issue—that is, whether the Court must formally read into the record its specific findings of fact—is distinct from the issue raised in Mr. Wright's motion for new trial—that is, whether the Court violated Mr. Wright's right to a public trial and his right to be present when it announced its guilty verdict in a written filing rather than in open court with both Mr. Wright and the public present." (Id. at 1-2.)

On October 20, 2022, the Court held a hearing to read the memorandum decision. (ECF No. 26.) At the hearing, the Court expressed concern that Defendant's appearance via video was insufficient to satisfy his right to a public trial and his right to be personally present since the trial was conducted in person. The Court continued the matter to November 17, 2022, and ordered Defendant to personally appear.

On November 14, 2022, Defendant filed a motion for an order authorizing video appearance at the November 17, 2022 hearing. (ECF No. 27.) Defendant explains that a video appearance satisfies Defendant's right to a public hearing, as the hearing is noted on the Court's publicly available calendar and the courtroom will be open to the public during the hearing. Defendant proffers that a video appearance likewise satisfies Defendant's right to be present, as under Federal Rule of Criminal Procedure 43(b)(2), a court may permit arraignment, plea, trial, and sentencing to occur by video teleconferencing in a misdemeanor case with a Defendant's written consent.

The Court previously announced Defendant's verdict under similar circumstances on

---

[1] The Court notes the Rule reads in full, that: "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." Fed. R. Crim. P. 23(c).

October 4, 2022, via videoconference. Unless the Defendant feels that that announcement was in error, there appears no just reason for the Court to repeat this announcement again via video. Otherwise, merely having a hearing via video to announce the verdict is only a repetition of what has previously occurred within the Court. The Court recognizes that the Defendant may have another objection to the manner of the Court's issuance of the verdict, but the announcement did not seem to be the issue for Defendant, but rather the timing in relation to the issuance of the memorandum decision.

Therefore, the Court shall deny the current motion without prejudice. Either the Defendant appears in person for the announcement of the verdict, consistent with his trial, or he may appear by video for a status conference to set sentencing. If he wishes the latter then he must submit a new request setting forth why this Court needs to re-announce his sentence. This order is what the Court previously requested at the October 20, 2022 hearing.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for video appearance (ECF No. 27) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 15, 2022**

UNITED STATES MAGISTRATE JUDGE