# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AUSTIN WRIGHT,<br><br>    Defendant. | Case No. 5:21-po-00583-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PROBATION VIOLATION PETITION<br><br>(ECF Nos. 69, 72, 75, 78, 79) |

Currently before the Court is Defendant Austin Wright's motion to dismiss the United States of America's (the "Government") petition for violation of probation, brought pursuant to Eastern District of California Local Rule 430.1; 18 U.S.C. § 3565(c); and other statutory and constitutional rules as applicable. (ECF No. 69.) Based on the moving, opposition, and reply papers, the parties' supplemental briefing, the record, and the arguments presented at the May 15, 2025 hearing, Defendant's motion to dismiss the petition for violation of probation shall be denied.

## I.

## BACKGROUND

On August 23, 2021, a citation was filed charging Austin Wright ("Defendant") with one count of violating 18 U.S.C. § 1382 for entering military, naval, or Coast Guard property for a prohibited purpose. (ECF No. 1.) On September 7, 2021, Defendant made an initial appearance

1  and entered a plea of not guilty. (ECF No. 7.) On August 2, 2022, the Court held a bench trial.
2  (ECF No. 17.)

3      On September 28, 2022, the Court issued its memorandum of decision, finding Defendant
4  guilty of violating 18 U.S.C. § 1382. (ECF No. 20.) On November 17, 2022, the Court read the
5  memorandum decision in open court. (ECF No. 31.)

6      On March 16, 2023, the Court sentenced Defendant to 24 months of unsupervised
7  probation, a fine, and community service. (ECF No. 38.) Plaintiff was advised both orally and
8  in writing that probation required adherence to various conditions, including obeying all federal,
9  state, and local laws. (ECF No. 39 at 1; ECF No. 46 at 19.)

10      On April 7, 2023, Defendant appealed both his conviction and sentence pursuant to Local
11  Rule 422. (ECF No. 42.) On June 22, 2023, the Government and Defendant filed a stipulation
12  to modify the fine and community service requirements imposed by this Court. (See 23-cr-
13  00069-ADA, ECF No. 55.) On June 29, 2023, the District Court entered the parties' stipulation.
14  (See 23-cr-00069-ADA, ECF No. 57.)

15      On May 21, 2024, Defendant was arrested in Colorado on two state charges, in violation
16  of the terms of his probation requiring adherence to federal, state, and local laws. (ECF No. 72
17  at 22.) On January 7, 2025, Defendant pleaded guilty to one of the charges for disorderly
18  conduct by displaying a firearm, pursuant to a plea agreement. (Id. at 43.) The second charge
19  for felony menacing was dismissed. (Id.)

20      On February 20, 2025, at a probation review hearing, the Court referred the matter to
21  probation. (ECF No. 63.) On March 6, 2025, Probation Officer Marlene K. DeOrian, filed a
22  Petition for Violation of Probation ("Petition"). (ECF No. 64.) As to the alleged violative
23  conduct, the petition states: "The defendant failed to obey all laws as he was arrested by
24  Colorado State Patrol for Disorderly Conduct on May 21, 2024." (Id. at 1.) Below that
25  allegation, the petition states, "I declare under penalty of perjury that the following is true and
26  correct." (Id. at 2.) The only text following the affirmation was Officer DeOrian's signature and
27  the date of execution. (Id.) Based upon the Petition and the allegation therein, the Court issued
28  an arrest warrant, which it held until March 20, 2025. (Id.)

1  On May 1, 2025, Defendant filed a motion to dismiss the Petition, claiming that the arrest warrant was based on an inadequate oath or affirmation. (ECF No. 69.)  On May 9, 2025, the Government filed an opposition under seal (ECF No. 72) and a redacted version (ECF No. 75).  On May 12, 2025, Defendant filed his reply. (ECF No. 79.)

A hearing was held in this matter on May 15, 2025. (ECF No. 77.)  Chan Hee Chu appeared for the Government.  Erin Snider appeared on behalf of Defendant who waived his appearance (ECF No. 71).  At the hearing, the Government proffered it was unable to obtain a declaration from recently retired Officer DeOrian due to her unavailability for a medical procedure. The Government requested the opportunity to obtain such declaration, which the Court granted, and Defendant was afforded the opportunity to respond.  On May 22, 2025, the Government filed a declaration by Marlene K. DeOrian. (ECF No. 78 ("DeOrian Decl.").)  On June 5, 2025, Defendant filed his response. (ECF No. 79.)

## II

## LEGAL STANDARD

A district court may sentence a defendant to probation pursuant to 18 U.S.C. § 3561. Under 18 U.S.C. § 3565(c), the Court retains power to revoke probation and impose another sentence after a probationary period ends only if a warrant or summons, based on sworn allegation of a violation of probation, is issued before the end of the probationary period.  See United States v. Pocklington, 792 F.3d 1036, 1039 (9th Cir. 2015).  The statute provides:

> **(c) Delayed revocation.**—The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3565(c).

The Fourth Amendment of the United States Constitution provides, in part, that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. "The question whether a statement is made under oath or affirmation turns on whether the declarant expressed the fact that he or she is impressed with the solemnity and

3

1 importance of his or her words and of the promise to be truthful, in moral, religious, or legal
2 terms." United States v. Bueno-Vargas, 383 F.3d 1104, 1110 (9th Cir. 2004). "[S]igning a
3 statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a
4 signal that the declarant understands the legal significance of the declarant's statements and the
5 potential for punishment if the declarant lies." Id. at 1111.

## III.

## DISCUSSION

Defendant argues that the arrest warrant issued prior to the expiration of his term of probation was based on an inadequate oath or affirmation. Specifically, Defendant contends Officer DeOrian failed to subscribe the alleged violative conduct—that "the defendant failed to obey all laws as he was arrested by Colorado State Patrol for Disorderly Conduct on May 21, 2024"—as true; rather, she only "declare[d] under penalty of perjury that the *following*"—her signature and the date of execution—was "true and correct." (ECF No. 64 at 1-2.) Defendant argues that the Court must dismiss the Petition because it does not have jurisdiction to extend Defendant's term of probation as no valid warrant was issued prior to the expiration of supervision.

The Government avers Officer DeOrian plainly intended to affirm the contents of the petition above her affirmation made "under penalty of perjury" and her use of "following" rather than "forgoing" amounts to a mere scrivener's error.[1] The Government contends the affiant's intent governs and Officer DeOrian intended to attest to the single allegation giving rise to probable cause: that "the defendant failed to obey all laws as he was arrested by Colorado State Patrol for Disorderly Conduct on May 21, 2024." (ECF No. 64.)

The Court finds the allegation of violative conduct in the Petition was made under an adequate affirmation by Officer DeOrian. Officer DeOrian's affirmation contained the indispensable elements required of an affirmation. Bueno-Vargas, 383 F.3d at 1111 (finding that a

---

[1] The Government also argues that, regardless of the adequacy of the issued warrant, the Court has jurisdiction to revoke Defendant's probation pursuant to the fugitive tolling doctrine. (ECF No. 72 at 7-8.) Because the Court finds a valid warrant was issued prior to the end of Defendant's term of unsupervised probation, the Court does not address whether the fugitive tolling doctrine applies to this case.

1  statement containing a "declar[ation] under penalty of perjury" that the contents of the statement
2  were "true and correct" satisfies the elements necessary for a valid affirmation).  There is no dispute
3  in the instant motion that the single allegation of violative conduct contained *above* Officer
4  DeOrian's affirmation is incorrect.  Rather, this motion is premised on Officer DeOrian's use of the
5  word "following" rather than "foregoing."

6  In a supplemental declaration, Officer DeOrian confirms that her use of "following"
7  rather than "foregoing" was a scrivener's error.  (ECF No. 78.)  Officer DeOrian declared, again
8  under penalty of perjury, that in preparing the Petition, she "meant and intended to attest to the
9  allegation against the defendant on page one of the petition, along with the other information
10 provided on page one of the petition."  (Id. at ¶ 6.)  Officer DeOrian "understood the sentence on
11 page two stating, 'I declare under penalty of perjury that the following is true and correct,' to be
12 referring to the information I provided on page one of the petition."  (Id. at ¶ 7.)  By signing her
13 name on page two of the Petition, Officer DeOrian declared that she "believed and intended to be
14 attesting under penalty of perjury to the truth and correctness of the allegation and other
15 information on page one of the petition" and was not only attesting to her name and date of
16 execution.  (Id. at ¶¶ 9-10.)  Officer DeOrian further explained that the origin of the scrivener's
17 error stemmed from a pre-existing template which has been used by Officer DeOrian and other
18 probation officers in many cases over the years.[2]  (Id. at ¶¶ 11-14.)

19 After reviewing the Petition and considering the supplemental declaration, it is evident
20 that Officer DeOrian was "impressed with the solemnity and importance of [her] [ ] words and of
21 the promise to be truthful, in ... legal terms."  See Bueno-Vargas, 383 F.3d at 1110.  From
22 Officer DeOrian's supplemental declaration, it is clear that in her mind she understood the legal
23 significance of the alleged violative conduct, the potential for punishment if she was untruthful,
24 and fully intended to be affirming under penalty of perjury the allegation of violative conduct—
25 not her identity or the execution date—was true and correct.  (ECF No. 78.)

26 In Bueno-Vargas, the Ninth Circuit found that an agent's "declaration that his statement

---

[2] The parties' briefing confirms other cases—at least seven—have contained petitions reflecting this same scrivener's error.  (ECF No. 69 at 7-12; ECF No. 72 at 7 n.4.)  To this Court's knowledge, the error has not been raised in any prior cases.

1 was *intended* to be made under penalty of perjury ensured that he and the magistrate judge were
2 reminded of the importance and solemnity of the process in which they were involved, and it
3 created liability for [the agent] if any of his statements turned out to be materially false." 383
4 F.3d at 1110 (emphasis added).  In support of its use of the agent's intent, the court relied upon
5 an Eighth Circuit holding that "it is the *intent* of the declarant to be under oath or affirmation that
6 matters most…because a person who manifests an intention to be under oath is in fact under
7 oath." Id. (quoting United States v. Brooks, 285 F.3d 1102, 1105 (8th Cir. 2002)); see also
8 United States v. Ward, 989 F.2d 1015, 1020 (9th Cir. 1992) (finding a district court abused its
9 discretion in refusing to administer a defendant's alternative oath which "would have taken
10 nothing away from the commitment to tell the truth under penalties of perjury and, indeed, *in the*
11 *defendant's mind* imposed upon him a higher duty") (emphasis added).  Here, Officer DeOrian
12 declares that, at the time of signing the Petition, she intended that her allegation of Defendant's
13 violative conduct to be made under penalty of perjury.  Because Officer DeOrian manifested an
14 intention to affirm the truth of the single allegation of violative conduct, the allegation was made
15 under affirmation.

16      In his supplemental response, Defendant reminds the Court that it is not free to dispense
17 with the constitutional mandate that a warrant be based on probable cause supported by oath or
18 affirmation merely because the Court believes the Probation Officer to be credible.  (ECF No. 79
19 at 3.)  The Court agrees and makes no finding whether or not Officer DeOrian is credible.
20 Rather, the "true test" for whether a declaration is made under oath or affirmation "is whether the
21 procedures followed were such that perjury could be charged therein if any material allegation
22 contained therein is false." United States v. Bueno-Vargas, 383 F.3d 1104, 1111 (9th Cir. 2004)
23 (quoting 2 Wayne R. LaFave, Search and Seizure § 4.3(e), at 474–75 (3d ed. 1996)).  The Court
24 is not persuaded that, even absent the supplemental declaration, Officer DeOrian's affirmation
25 did not create liability for her if the allegation related to Defendant's violative conduct turned out
26 to be materially false.  The supplemental declaration quells any doubt that Officer DeOrian
27 would not be liable if the allegation made in the Petition regarding Defendant's conduct is false.
28      Based on the Petition and the supporting declaration, the Court does not find Officer

1  DeOrian's use of "following" rather than "foregoing" is an attempt to "swear only to a cleverly
2  worded oath that creates loopholes for falsehood or attempts to create a safe harbor for perjury."
3  Ward, 989 F.2d at 1020.[3]  Rather, it is apparent, even without considering Officer DeOrian's
4  supplemental declaration, that the fact that "following" was included in the affirmation rather
5  than "foregoing" was a mere scrivener's error.

6        The Court emphasizes that under no uncertain terms does it establish that indispensable
7  elements of oaths or affirmations may be split between a warrant and a later-filed declaration.
8  Defendant offers no authority—and the Court finds none—where a warrant has been deemed
9  invalid for an apparent scrivener's error in the affirmation of the petition supporting the warrant.
10  Officer DeOrian's declaration further confirms, under further penalty of perjury, her use of
11  "following" rather than "foregoing" was indeed merely a scrivener's error; that she understood
12  the legal significance of her statement within the Petition to be swearing to the truth of the
13  substantive allegation of violative conduct; and, by declaring "under penalty of perjury," she
14  knew the potential for punishment if she was untruthful.  In denying Defendant's motion to
15  dismiss, the Court does not condone the presence of a scrivener's error in an oath or affirmation
16  supporting a petition for violation of probation.  Rather, the Court merely finds that such error on
17  these specific facts does not reach the magnitude of a constitutional violation which renders the

---

[3] Defendant's motion details five other cases in this District where Officer DeOrian and another probation officer have used the term "following" instead of "foregoing" in their affirmations in petitions for violation of probation. (ECF No. 69 at 7-12.) Defendant summarizes that each of those petitions ultimately included an incorrect allegation against those five defendants.  Defendant avers that given those five cases, "it is clear that the language in the Petition fails to serve the purpose of the oath-or-affirmation requirement.  The Probation Officer's recitation of an alleged probation violation prior to the language, 'I declare under penalty of perjury that the following is true and correct,' is not sufficient to deter allegations easily refuted by the public docket or by minimal investigation or even to prevent slapdash petitions that befuddle the government and court alike." (Mot. 69 at 12.)  To the extent Defendant intimates that by including the word "following" in their affirmations below "obviously false allegations" (ECF No. 69 at 7) in various petitions, Officer DeOrian and others at the probation department are engaged in a scheme to "swear only to a cleverly worded [affirmation] that creates loopholes for falsehood or attempt[] to create a safe harbor for perjury," such argument is not well-taken. Ward, 989 F.2d at 1020. As the Government notes, Defendant "does not state how often petitions with the erroneous 'following' usage includes inaccurate information. There is also no evidence as to the accuracy of petitions and/or affidavits from the probation office or otherwise employing error-free attestation statements. As a result, there is not even evidence that probation petitions with the erroneous 'following' usage are more likely to be inaccurate than other attested to petitions/affidavits." (ECF No. 72 at 6 n.3.)  The Court declines to dismiss the instant defendant's Petition because Petitions in *other* cases contained incorrect information.  As Defendant summarizes in his motion, the Petitions in each of the separate cases were properly amended, the warrant was recalled, or the inaccurate charges were dismissed once the inaccuracies were identified.  Notably, Defendant does *not* contend in the instant motion that the allegation of violative conduct in the Petition is inaccurate.

7

warrant issued in this case invalid.

## IV
## CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, Defendant's motion to dismiss the petition for violation of probation (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated: **June 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge